

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00490-CV

**IN THE INTEREST OF M.J.M.** and **J.A.M.**, Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-PA-01486
Honorable Raul Perales, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: January 7, 2026

AFFIRMED

Appellant M.A.M. ("Father") appeals the trial court's order terminating his parental rights to his children, M.J.M. and J.A.M.[1] The trial court found, by clear and convincing evidence, that Father had engaged in the conduct described by Texas Family Code section 161.001(b)(1)(E), (N), and (O) and that termination of Father's parental rights was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O), (b)(2).

Father's court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record, concluding there are no arguable grounds for

---

[1] To protect the identities of the minor children in this appeal, we refer to appellant and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

reversal of the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided Father with a copy of the brief and the motion to withdraw, advised Father of his right to review the record and file his own brief, and informed Father how to obtain a copy of the record, providing him with a form motion for access to the appellate record. We issued an order setting a deadline for Father to file a pro se brief. Father filed a "Motion for Brief for Appeal," which we construed as his pro se brief.

After reviewing the appellate record, appointed counsel's brief, and Father's pro se brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Rebeca C. Martinez, Chief Justice